SOUTHWESTERN TELEGRAPH & TELEPHONE CO. v. COFFEY et al.

(Court of Civil Appeals of Texas. Texarkana. Dec. 26, 1913. Rehearing Denied Jan. 22, 1914.)

1. DAMAGES (§ 132*)—PERSONAL INJURIES—EXCESSIVE RECOVERY.

A recovery of $11,000 for personal injuries was not excessive where plaintiff's skull was fractured, necessitating removal of a portion, confining him to his bed for several weeks, and he was rendered unable to work, and suffered pains in his head, and his nervous system was impaired generally, and the indications were that another operation would be necessary, and that later in life he would have fits and be susceptible to certain diseases.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 372–385, 396; Dec. Dig. § 132.*]

2. APPEAL AND ERROR (§ 1170*)—GROUND FOR REVERSAL—ARGUMENT OF COUNSEL.

Under rules of Courts of Civil Appeals rule 62a (149 S. W. x), providing that a reversal shall not be had for error not probably causing the rendition of an improper judgment, improper argument of counsel was not ground for reversal, where it did not probably cause the jury to find for plaintiff in a personal injury case a greater sum than they would otherwise have found.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4032, 4066, 4075, 4098, 4101, 4454, 4540–4545; Dec. Dig. § 1170.*]

3. TRIAL (§ 252*)—REFUSAL OF INSTRUCTIONS—EVIDENCE.

Where, in an employé's action for injuries received from the falling of a telephone pole which he and others were erecting, the evidence did not make any issue whether he assumed the risk of injury, an instruction that he assumed such risk, if the manner and means used to place the pole were as obvious to him as to defendant's manager who was directing the work, was properly refused.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 505, 596–612; Dec. Dig. § 252.*]

4. TRIAL (§ 260*)—REFUSAL OF INSTRUCTIONS COVERED.

In an employé's action for injuries received from the falling of a telephone pole which he and others were erecting under the direction of defendant's manager, instructions to find for defendant if the men and means furnished were sufficient to render the placing of the pole reasonably safe, and if the injury was the result of an unavoidable accident, were properly refused when covered in the main charge.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 651–659; Dec. Dig. § 260.*]

5. MASTER AND SERVANT (§ 190*)—INJURY TO SERVANT—VICE PRINCIPAL.

That the employer's manager was working as a common laborer in erecting a telephone pole at the time the pole fell and injured an employé likewise working under his direction did not preclude him from being a vice principal as to the injured employé.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 449–474; Dec. Dig. § 190.*]

6. TRIAL (§ 260*)—REFUSAL OF INSTRUCTIONS COVERED.

In an employé's action for injuries from the falling of a telephone pole which he and others were erecting, it was not error to refuse instructions to not consider plaintiff's minority as affecting the question of defendant's negligence in having plaintiff do the work he was engaged in when injured, if plaintiff was an intelligent young man, capable of understanding the situation as well as a person of mature years, where the court instructed to find for defendant, unless it had been negligent in failing to furnish "a reasonably sufficient number of hands to erect said pole with reasonable safety to themselves," or in not furnishing tools and appliances reasonably suitable to erect said pole with reasonable safety.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 651–659; Dec. Dig. § 260.*]

**7. APPEAL AND ERROR (§ 1066*)—HARMLESS ERROR—INSTRUCTIONS.**

Where, in an employé's action for injuries, plaintiff testified, without contradiction, that he did not know it was dangerous to engage in the work with the number of men and with the tools furnished, the giving of an instruction that plaintiff had a right to assume without investigation that defendant had not been guilty of negligence in respect to furnishing men and tools, if error, was harmless, though plaintiff knew the number of men and the kind of tools furnished.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4220; Dec. Dig. § 1066.*]

Appeal from District Court, Collin County; J. M. Pearson, Judge.

Action by Ross Coffey against the Southwestern Telegraph & Telephone Company and another. From judgment for plaintiff against the Telephone Company, it appeals. Affirmed.

At about 2:30 o'clock of Wednesday, March 13, 1912, appellee, Ross Coffey, a boy of about 17 years of age, while engaged, as the jury found and as we find, in the discharge of his duty as an employé of appellant in assisting one Busby, its manager at Farmersville, and one Garrison, another one of its employés, in placing a telephone pole, as the result of negligence on the part of appellant in failing to furnish the number of men and kind of tools necessary to do said work with reasonable safety to its said employés, was seriously and permanently injured. The pole in question was about 25 feet long, and weighed several hundred pounds. Said appellee, testifying as a witness, said the accident occurred in this way: "Mr. Garrison and I were down close to the hole in which we were going to put the pole, pushing with our shoulders, and Mr. Busby was out at the end with a shovel pushing up—out at the little end of the pole. * * * When Mr. Busby got the pole up so high he told me to get a cross-arm (shown by other testimony to have been about 30 feet distant) and prop the pole. I got the cross-arm and brought it up there to the pole and set it up, and the pole slipped off and hit me, and that is all I remember." Busby's account of the accident was as follows: "The day Ross Coffey got hurt we were erecting that pole as follows: I placed the butt of it in the hole or over the hole and raised it up, and Mr. Garrison got about midway of the pole and got it on his shoulder, and I took the shovel lying there and went to the top end. When Garrison got the pole on his shoulder, I suppose the little end was about 10 feet from the ground. I then stuck the shovel (shown by other testimony to have been a round pointed one) in the pole, and proceeded to go higher with it. * * * When I stuck the shovel into the pole and raised it up higher, I got it up about 13 or 14 feet. The wind caused the pole to get away from me." From other testimony it appeared that when it fell the pole, or the cross-arm, struck said appellee on the right

side of his head, fracturing his skull. Within a few hours thereafter he became unconscious and remained so until the Saturday night following the Wednesday on which the accident occurred. To save his life, surgeons thought it necessary to perform, and did perform, an operation which involved the removal of a portion of his skull. He was confined to his bed several weeks, at the time of the trial in October, 1912, had been unable to do work of any kind, and suffered from pains in his head, and in his eyes when he attempted to read. His nervous system generally seemed to have been impaired. A knot had formed on his head back of his ear, which surgeons testified, indicated the fracture extended to the mastoid cells, in which event, they said, another operation, dangerous to his life, would be necessary. Surgeons further testified that, as a result of the injury he had suffered, said appellee was liable later in his life to have fits, and would be rendered more susceptible to tuberculosis and other diseases. Appellee's suit against appellant and Busby resulted in a judgment in his favor against appellant for $11,000, and in favor of Busby against him for costs.

A. P. Wozencraft, W. S. Bramlett, and D. A. Frank, all of Dallas, and G. R. Smith, of McKinney, for appellant. R. L. Moulden, of Farmersville, and H. C. Miller and R. C. Merritt, both of McKinney, for appellees.

WILLSON, C. J. (after stating the facts as above). In its first and eighth assignments appellant complains of the verdict as excessive, and in its second, third, fourth, fifth, sixth, and seventh assignments complains of portions of the closing argument to the jury, made by one of appellee's counsel, as unwarranted by the testimony and prejudicial to its rights.

[1] When considered with reference to the injury suffered by said appellee, we do not think the sum found in his favor is so large as to suggest that the judgment of the members of the jury may have been influenced by passion or prejudice, or any consideration other than a desire to discharge their duty to find in his favor such a sum as would reasonably compensate him for the injury inflicted on him.

[2] Parts of the portions of the argument of counsel objected to were, we think, improper, but we do not think such parts were "reasonably calculated to cause, and probably did cause," the jury to find in appellee's favor a greater sum than they otherwise would have found. Unless we thought to the contrary, we would not be warranted, without disregarding the rules for the government of this court, in reversing the judgment. Rule 62a (149 S. W. x).

The court refused appellant's request to give to the jury its special charges numbered 4, 8, 10, 13, 15, and 16, and complaint is made of his action in this respect. Said special

charge numbered 4 was to find for appellant on the ground that it conclusively appeared from the testimony that appellee had assumed the risk he incurred in the work he was doing at the time he was injured.

[3] Said special charge numbered 16 was that appellee assumed such risk if the manner and means used to place the pole were as open and obvious to him as same were to Busby. We do not think the testimony made an issue as to whether appellee had assumed the risk or not. Therefore it is unnecessary to determine whether the court was justified in refusing the charges on other grounds or not.

[4] The special charge numbered 8 was to find for appellant if the jury believed the men and means furnished by it were sufficient to render the effort made to place the pole reasonably safe. The jury in effect were so instructed by the court in his main charge and in the special charge numbered 5 given at appellant's request.

[5] The special charge numbered 10 was that, if Busby, appellant's manager, in his effort to place the pole was acting as a common laborer, and not as such manager, he was a fellow servant to appellee. But we think the fact that Busby may have been working as a common laborer in the effort to place the pole did not render him any less a vice principal as to appellee, who at the time was subject to his direction and control. Suderman & Dolson v. Kriger, 50 Tex. Civ. App. 29, 109 S. W. 373.

The special charge numbered 13 was to find for appellant, if the jury believed the injury to appellee was the result of an unavoidable accident. The court so instructed the jury in his main charge, and therefore properly refused said special charge.

[6] The special charge numbered 15, had it been given, would have directed the jury "not to consider plaintiff's minority as affecting the question as to whether or not it was negligence upon the part of the defendant to have said plaintiff doing the work which he was doing at the time of the accident," if they believed "he was a bright, intelligent young man, and capable of understanding the situation in which he was placed just prior to the time of the accident as fully and as well as a person of mature years." In justification of the action of the court in refusing to so instruct the jury, it is enough to say that in the charge he gave them he required the jury to find in appellant's favor, unless they believed it had been negligent, in that it had not furnished "a reasonably sufficient number of hands to erect said pole with reasonable safety to themselves," or in that it had not furnished the men who engaged in the work "with tools and appliances reasonably suitable to erect said pole with reasonable safety to themselves." As we think the court should not have given said special charges, or any of them, we overrule appellant's ninth, tenth,

eleventh, fourteenth, fifteenth, and sixteenth assignments.

[7] In his main charge the court told the jury: "It was the duty of Ross Coffey to use ordinary care, while assisting in the erection of the poles for the benefit of the defendant company, for the protection of his own person against damage or injury, and he had the right to assume without investigation that the defendant company would exercise ordinary care to furnish a reasonably sufficient number of hands to erect poles for the benefit of the company, and that said company would also exercise ordinary care to furnish the employés engaged in erecting said poles with reasonably suitable tools and appliances to enable them to do the work with a reasonable degree of safety to themselves." The instruction (or rather, we take it, that portion of it that told the jury appellee had a right to assume without investigation that appellant had not been guilty of negligence in the particulars specified) is attacked as erroneous on the ground that there was evidence, appellant asserts, which would have supported a finding that appellee knew and appreciated "the dangers attendant upon the doing or attempted doing of the work with such number of men and tools used." Unquestionably it appeared that appellee knew the number of men and kind of tools furnished by appellant with which to do the work. But he testified, and there was no testimony to the contrary, that he had never before assisted in that kind of work, and, as we view the record, there was no testimony tending to show that he knew it was dangerous to engage in it with the number of men and with the tools furnished for the purpose. Therefore we are of the opinion that the error, if any, in the instruction, was not such as to require a reversal of the judgment.

Other objections urged to portions of the court's main charge are not more meritorious than the one just referred to. The assignments presenting them are overruled.

The action of the court in overruling special exceptions to certain allegations in the petition, on the ground that same were vague, indefinite, and uncertain, is made the basis of appellant's twentieth, twenty-eighth, twenty-ninth, thirtieth, and thirty-first assignments. Of the special exceptions referred to we are inclined to think the sixteenth should have been sustained; but if the court erred in overruling it, we are sure the error is not one which "was reasonably calculated to cause, and probably did cause, the rendition of an improper judgment in the case." Rule 62a for the government of Courts of Civil Appeals (149 S. W. x.) Therefore the assignments specified are overruled.

In its twenty-first, twenty-second, twenty-third, twenty-fourth, twenty-fifth, twenty-sixth, twenty-seventh, thirty-third, thirty-fourth and thirty-fifth assignments, appellant complains of the action of the court in

admitting over its objection thereto, certain testimony in said assignments specified. We think the court did not err as claimed, and overrule the assignments.

The assignments not specifically disposed of by what has been said are believed to be without merit, and therefore are overruled.

Because, as we view it, the judgment is without error requiring its reversal, it is affirmed.